THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ADAM YOUNG, *an individual*,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF ST. GEORGE, UTAH, *a government entity*,<br><br>　　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE ORDER AND JUDGMENT<br><br>Case No. 4:25-cv-00016-DN<br><br>District Judge David Nuffer |

　　　　This case was dismissed without prejudice and judgment entered for failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure.[1] The following day, after entry of the final judgment, Plaintiff Adam Young filed a Motion to Set Aside Order and Judgment ("Motion") seeking relief under Rule 60(b)(1) and (b)(6) of the Federal Rules of Civil Procedure.[2] The Motion has been fully briefed; Defendant City of St. George, Utah (the "City") filed a response opposing the Motion, and Mr. Young filed his reply.[3] Based upon the analysis set forth below, the Motion[4] is DENIED.

---

[1] Memorandum Decision and Order Dismissing the Case Without Prejudice ("Dismissal Order"), docket no. 8, filed June 20, 2025; *see also* Judgment in a Civil Case ("Judgment"), docket no. 9, filed June 23, 2025

[2] Plaintiff's Motion to Set Aside Order and Judgment, docket no. 11, filed June 24, 2025.

[3] Defendant's Opposition to Plaintiff's Motion to Set Aside Order and Judgment ("Response"), docket no. 16, filed July 17, 2025; Plaintiff's Reply in Support of Motion to Set Aside Order and Judgment ("Reply"), docket no. 18, filed July 31, 2025.

[4] Docket no. 11.

1    **BACKGROUND**

Mr. Young filed his Complaint on February 23, 2025.[5] Service should have been completed, under the Federal Rules of Civil Procedure, within 90 days, or by May 24, 2025. After no proof of service had been filed, a Docket Text Order was entered on May 27, 2025 ordering that Mr. Young

> *[C]omply with Federal Rule of Procedure 4(m)*, which requires that defendants be served with 90 days after the complaint is filed. The docket does not show that summons has been issued, and no proof of service is on file. Mr. Young must file proof of service by June 13, 2025, or the action will be dismissed without prejudice.[6]

Despite this clear instruction, Proof of Service was not filed on June 13, 2025. Two weeks after the deadline for filing proof of service, Mr. Young requested the summons from the clerk of court on June 11, 2025.[7] This was more than two weeks after the deadline for completing service. Due to an oversight by Mr. Young in failing to identify the intended recipient of the summons, issuance was delayed until June 18, 2025.[8] Mr. Young requested service through a process server on June 19, 2025, and service was completed on June 23, 2025,[9] nearly one month after the deadline for completing service The proof of service was filed on June 24, 2025.[10] During the month after the Docket Text Order, and despite the Docket Text Order warning of dismissal of the action, Mr. Young did not request more time to serve or to file proof of service.

---

[5] Docket no. 1.

[6] Docket no. 5, entered May 24, 2025 ("Order to Show Cause").

[7] Motion at Exhibit A.

[8] Motion at 2, ¶ 2.

[9] *Id.* at 2, ¶¶ 3–6.

[10] *Id.*

On June 20, 2025, the Complaint was dismissed without prejudice for failure "to comply with Federal Rule of Civil [Procedure] 4(m) and 'file proof of service by June 13, 2025.'"[11] The matter was closed on June 20, 2025 and Judgment entered June 24, 2025.[12] On June 24, 2025, the following day, Mr. Young's counsel filed this Motion and took "full responsibility" and explained that the reasoning for the delay was because:

> As a solo practitioner managing multiple active cases, counsel must carefully space out litigation efforts in order to give each client's matter the attention it deserves. Mr. Young's counsel provides this context only to clarify that the delay was not the result of inexcusable neglect or disregard for the Court's order."[13]

For the reasons stated below, Mr. Young's reasoning for the delay does not meet the standard of good cause, excusable neglect, or extraordinary circumstances that justify the delay.

## 2   LEGAL STANDARDS

Under Federal Civil Rule of Procedure 4(m) if a defendant has not been served, "the court—on motion or on its own after notice to plaintiff—must dismiss the action . . . or order that service be made within a specified time."[14] If a party seeks an extension after the deadline has passed, the court may extend only upon a showing of good cause or one of the reasons listed in Federal Rule of Civil Procedure 60(b).[15] Federal Rule of Civil Procedure 60(b)(1) and (6) provide that a party may be relieved from a final judgment or order because of "(1) . . . excusable

---

[11] Dismissal Order at 1.

[12] Judgment at 1.

[13] Motion at 2, ¶ 7.

[14] Fed. R. Civ. P. 4(m).

[15] *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993); Fed. R. Civ. P. 4(m); DUCivR 41-2.

neglect" or "(6) any other reason that justifies relief."[16] The "good cause" and "excusable neglect" standards are related. Specifically,

> [w]ithout attempting a rigid or all-encompassing definition of 'good cause' it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking the enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required. *The district court is clearly not compelled to accept a lesser "excusable neglect" showing.*[17]

"'[G]ood cause' requires a greater showing than 'excusable neglect.'"[18] "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[19] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[20]

To justify relief under Rule 60(b)(6), a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay.[21] It is within the court's discretion to determine whether the moving party has established good cause, excusable neglect, or circumstances justifying relief.

## 3    DISCUSSION

Mr. Young seeks to set aside the Dismissal Order and Judgment. Because the relevant summons issuance deadline had passed, and judgment has been entered, Mr. Young must show

---

[16] Fed. R. Civ. P. 60(b); *see also* Motion at 1 (noting that Plaintiff has only cited "excusable neglect" and not "mistake" or "inadvertence" for the delay.)

[17] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (emphasis in original) (quoting *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir.1985)); *see also Putnam v. Morris*, 833 F.2d at 905.

[18] *Id.*

[19] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (quotations and citation omitted).

[20] *Id.* at 701 (quotations and citation omitted).

[21] *Pioneer Inv. Servs.*, 507 U.S. at 393.

good cause, excusable neglect, or extraordinary circumstances justifying setting aside the Dismissal Order and Judgment. Since good cause requires a greater showing than excusable neglect, this discussion first considers whether Mr. Young establishes good cause.

### 3.1     Young Does Not Show Good Cause

Mr. Young claims good cause in his proposed order setting aside the Dismissal Order and Judgment. To demonstrate good cause, Mr. Young must "show the deadline [could not] 'be met despite movant's diligent efforts.'"[22] The Tenth Circuit "has interpreted the phrase narrowly, rejecting inadvertence or neglect as 'good cause' for untimely service."[23] "Mistake of counsel or ignorance of the rules also usually do not suffice."[24]

Mr. Young learned of the potential for dismissal for failure to prosecute. Rather than acting, Mr. Young chose to disregard the deadline and warning. Mr. Young's explanations for the delay in serving the Complaint stem entirely from his own mistakes—waiting until the last minute to request issuance of the summons and then failing to include the recipient—as well as his obliviousness to the applicable rules and the Docket Text Order. Therefore, Mr. Young fails to establish good cause.

### 3.2     Young Does Not Show Excusable Neglect

Mr. Young also seeks relief because his neglect was excusable.[25] To determine whether excusable neglect is shown four factors are considered. In analyzing these four facts "all relevant circumstances surrounding the party's omission" must be taken into account.[26] Those factors are

---

[22] *Utah Republican Party*, 678 F. App'x at 701 (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n,* 771 F.3d 1230, 1240 (10th Cir. 2014)).

[23] *In re Kirkland*, 86 F.3d at 174.

[24] *Id.*

[25] Motion at 3.

[26] *In re Kirkland*, 86 F.3d at 395.

"[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."[27] The Tenth Circuit has held that the third factor, the fault of delay, is "perhaps the most important single factor—in determining whether neglect is excusable."[28]

Speaking of the third factor, the Tenth Circuit in *Putnam v. Morris* explained that the trial court's findings of fact, which included "no sense of urgency in serving [the defendant]" and "no effort" to serve the Defendant until after the deadline set forth by the Federal Rules of Civil Procedure, had not demonstrated excusable neglect.[29] "[A]n inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect."[30]

Admittedly, here, many of the factors weigh in favor of finding excusable neglect. The prejudice imposed upon the City is minimal as this case was in its infancy. The length of the delay is also minimal because the proof of service of the Complaint to the City was filed the day after the judgment was entered and the case dismissed without prejudice. As to the fourth factor, there is no evidence that Mr. Young acted in bad faith. Each factor must be met, yet consideration of the third factor, by itself, undermines the establishment of excusable neglect.

Mr. Young's explanation for the delay centers on Mr. Young's counsel's case load management and an error in the summons, which delayed the summons issuance from the clerk of court.[31] Counsel acknowledges that he was aware of the Docket Text Order's deadline and its

---

[27] *Id.*

[28] *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (quoting *City of Chanute v. Williams Natural Gas Co.,* 31 F.3d 1041, 1046 (10th Cir.1994)).

[29] *Putnam v. Morris*, 833 F.2d at 905.

[30] *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017).

[31] Motion at 4, ¶ 7.

command to comply with Federal Rule of Civil Procedure 4(m).[32] Counsel does not, however, offer an explanation on why he did not, at a minimum, file a motion to extend the deadline serve and to provide proof of service. Instead, Counsel explains that he believed "that the Court would presume Plaintiff was actively working to effectuate service—which was in fact the case."[33] And that "once the Court issued the summons on June 18, 2025, Plaintiff reasonably believed that the Court would presume Plaintiff was actively working to effectuate service—which was in fact the case." But the summons issuance was well after the deadline for service and the filing of proof was well after the ordered deadline.

  The Motion reveals that Mr. Young did not email his request for issuance of a summons to the clerk of court until the eleventh hour, at 5:06 p.m. (after close of business) on June 11, 2025.[34] An email to the clerk of court for issuance of a summons is not a part of the court docket. Counsel further explains that he is "managing multiple active cases" and "must carefully space out litigation efforts in order to give each client's matter the attention it deserves."[35] Just as in *Putnam*, Mr. Young's delays are due to a lack of urgency and failed effort to serve the City by the deadline in Rule 4(k) and file proof before the deadline of June 13, 2025. Mr. Young also had the ability to request additional time, to explain the delay, and chose not to do so until after judgment was entered.[36] Responsible counsel would have filed a motion to extend time for service and for filing proof immediately upon receipt of the Docket Text Order.

---

[32] *Id.* at 1, ¶ 1.

[33] *Id.* at 4, ¶ 7.

[34] *Id.* at Exhibit A.

[35] *Id.*

[36] *See generally* docket no. 5, Docket Text Order; *see also* Fed. R. Civ. P. 4(m).

Therefore, Mr. Young has failed to establish excusable neglect, so service of process outside of the 90-day time allowed, and fail to file proof by the deadline given by the Docket Text Order, was inexcusable.[37]

### 3.3   Young Does Not Show Extraordinary Circumstances Justifying Relief Under Fed. R. Civ. P. 60(b)(6)

"To justify relief under subsection (6), a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay."[38] However, "[i]f a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable."[39] "The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices the party has made."[40] "The text and structure of Rule 60 make clear that relief under Rule 60(b)(6) is available only in narrow circumstances."[41]

Mr. Young's counsel admits that it was his fault for failing to serve the Complaint within required timeframe: "Plaintiff's counsel acknowledges the delay in requesting issuance of the summons and takes full responsibility for the resulting procedural lapse."[42] The circumstances presented by Mr. Young's counsel relate solely to the late issuance of the summons and his case-management strategies, none of which is extraordinary. Mr. Young has not provided any evidence, or case law, demonstrating "extraordinary circumstances" or "excusable neglect" that

---

[37] *Putnam v. Morris*, 833 F.2d at 905 (citing *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1305 (5th Cir.1985)).

[38] *Pioneer Inv. Servs.*, 507 U.S. at 393.

[39] *Id.*

[40] 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2864, p. 359 (citing *Ackermann v. United States,* 340 U.S. 193, 198, 71 S.Ct. 209, 211–12, 95 L.Ed. 207 (1950)).

[41] *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025).

[42] Motion at 4, ¶ 7.

Motion for justifying relief under 60(b)(6) is "to prevent manifest injustice and allow this matter to proceed on its merits."[43] The City's Response clearly stated that Mr. Young's reliance on Rule 60(b)(6) fails because he fails to identify any extraordinary circumstances justifying relief. Yet, in Reply, Mr. Young raised no extraordinary circumstances.

Therefore, Mr. Young fails to establish extraordinary circumstances justifying relief.

## 4   ORDER

In conclusion, this is a cautionary tale, but one that the Tenth Circuit has seen and warns against: "The lesson to the federal plaintiff's lawyer is not to take any chances. Treat the [90] days with the respect reserved for a time bomb."[44]

Based on the foregoing, the Motion fails to establish good cause, excusable neglect, and extraordinary circumstances justifying relief. Therefore, the Motion[45] is DENIED.

Signed November 25, 2025.

BY THE COURT

David Nuffer
United States District Judge

---

[43] Motion at 4.

[44] *Cox v. Sandia Corp.,* 941 F.2d 1124, 1126 (10th Cir.1991).

[45] Docket no. 11.